HERNÁNDEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Mayagüez.

No. 22.—Decided April 15, 1909.

CANCELLATION OF ENCUMBRANCES—PAYMENT OF TAXES—PUBLIC SALE OF A CO-OWNERSHIP.—There is no cancellation of the encumbrances upon an undivided half of a property which has been expressly excluded from the public sale of the other half, consummated in payment of delinquent taxes.

The facts are stated in the opinion.

The appeal was taken by appellant in person.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal taken by Augustín Hernández Mena from a decision of the Registrar of Property of Mayagüez, refusing to cancel certain encumbrances existing on a certain rural property.

The collector of internal revenue sold at public sale for the payment of delinquent taxes a rural property, partly in coffee, pasture and brush, with eight wooden buildings roofed with galvanized iron thereon, and divided in two parts, said property belonging to Claudio Nin, and stating that a co-ownership of a one-half interest in 28 *cuerdas*, attached by Augustín Hernández, was excluded from the sale, and said property was adjudicated to Julio Medina for the sum of $101.12, as this was the highest bid obtained at the public sale.

Augustín Hernández Mena filed an application with the Registrar of Property of Mayagüez requesting the record in favor of Julio Medina of one-half of a rural property of 28 *cuerdas* of land described in said petition, representing that

part of the property sold to said Medina at a public sale by the collector of internal revenue of Mayagüez, for payment of delinquent taxes, and, further, as said property had not been redeemed within the period of 180 days, counting from the date of issue of the certificate of sale; and requesting furthermore that in consequence of said sale and record, the registrar cancel all mortgages, charges, and encumbrances imposed and resting on said property of 28 *cuerdas* to which the petition aforesaid refers.

The Registrar of Property of Mayagüez, acting upon the above-mentioned application, entered at the foot of the certificate of sale accompanying the same a notice which, literally transcribed, reads as follows:

"This title has been recorded, reference being had to other explanatory documents of the record of the property sold, with respect to a coownership of one-half of a property of 28 *cuerdas*, for which the record has been requested, at folio 54, over, of book 65 of this city, property 1065 triplicate, 8th inscription, which is also the cancellation of encumbrances with respect to said coownership, and the record has been made with the remediable defect that the explanation made with respect to the property sold at public sale does not appear from this title nor from any other document issued by a competent official, but solely from an application signed by Augustín Hernández, and from a document of promise of sale executed by the adjudicator Julio Medina to José A. Fernández; and the cancellation of encumbrances requested with respect to the other coownership of a one-half interest belonging to Augustín Hernández is not allowed, as said coownership has not been sold, but in its place a cautionary notice for 120 days counting from this date has been entered. Mayagüez, February 26, 1907. Dr. Joaquín Servera Silva, Registrar."

As the interested party was not satisfied with the said notice of the registrar in so far as it refers to his refusal with respect to the cancellation of encumbrances, requested with relation to the other coownership of one-half of said property, belonging to the petitioner, he took an appeal to this court.

The reasons alleged by the petitioner in his written brief in this court are all of them founded principally on the deci-

sion rendered by this court in the case of *Hernández* v. *Felici et al.,* 11 P. R. Rep., 391, in which the doctrine is established that a coowner of property, sold at a public sale for the payment of taxes, may redeem the property within the period fixed by law, such redemption to be of the whole property and not of the aliquot portion of a coowner, because the taxes were levied upon the entire estate and the sale thereof took place as a single act, a doctrine which has no application whatever to the present case, as the coownership belonging to the petitioner Augustín Hernández Mena was expressly excluded for the purposes of a public sale, and therefore there is no ground whatever on which to justify his claim that the encumbrances existing on the property be canceled with respect to the coownership recorded in his favor, which, as has been said above, has not been the object, in any form whatever, of compulsory proceedings.

For the reasons stated above, and in view of the sections of the Political Code and of the Mortgage Law applicable to the case, the decision of the Registrar of Property of Mayagüez of February 26, 1909, transcribed above, is affirmed, in so far as it refuses the cancellation of encumbrances requested by Augustín Hernández Mena on the coownership recorded in his favor of the property of 28 *cuerdas,* to which said decision refers and which is the only question here on appeal, and it is ordered that the documents presented by the petitioner be returned to the registrar of property with a certified copy of this decision, for the proper purposes.

*Affirmed.*

Acting Chief Justice Hernández and Justice MacLeary concurred.

Justice Figueras did not take part in the decision of this case.